IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROCK WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-136-DWD |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this removed matter, Plaintiff Rock Wright seeks damages for injuries he sustained following a motorcycle accident allegedly caused by a driver of Defendant Federal Express Corporation (Doc. 1-1). This case originated in the Circuit Court of St. Clair County, Illinois (Doc. 1-1, p. 1). On October 25, 2022, Plaintiff filed his Amended Complaint alleging two counts for negligence (Count I) and res ispa loquitur (Count II) (Doc. 1-1, pp. 5-9). On January 17, 2023, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 (Doc. 1). Now before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. 16). Plaintiff did not file a response to the Motion, and the time for doing so has passed. *See* SDIL-LR 7.1. For the reasons detailed below, the Motion will be granted.

The Amended Complaint asserts damages based on an accident occurring on May 12, 2021, along Highway 149 in Jackson County, Illinois (Doc. 1-1, ¶ 6). Plaintiff alleges that he was traveling eastbound on a motorcycle while Defendant's driver turned from a

stop sign directly into Plaintiff's path causing Plaintiff to lose control of his motorcycle and run off the side of the road into a grass covered ditch (Doc. 1-1, ¶¶ 6-7).  Although Count II asserts a separate claim for res ispa loquitur, it is based on the same underlying accident of the negligence claim in Count I.  Thus, Defendant moved to dismiss Count II because res ispa loquitur is not a distinct theory of recovery separate from Plaintiff's negligence claim (Doc. 16).  As mentioned above, Plaintiff did not file a response to Defendant's Motion. The "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1.  The Court finds it appropriate to exercise its discretion here and finds that Plaintiff admits the merits of the Motion.

"Res ipsa loquitur describes not a substantive claim, but a manner of proceeding on that claim."  *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 625 (7th Cir. 2019).  Instead, the doctrine "permits an inference of liability on the part of the defendant if the plaintiff can demonstrate that certain conditions existed making it likely that the defendant was responsible for the injury."  *Id.*; *see also Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 649 (7th Cir. 2016) (describing res ipsa loquitur as "a shortcut to a negligence claim."). To establish this inference, plaintiff must demonstrate: "(1) that the injuring instrumentality was within the exclusive management and control of the defendant, and (2) that the accident is of the type that does not ordinarily happen if those who have the management and control exercise proper care." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 642 (7th Cir. 2006); *see also Pullen v. BC Int'l Grp., Inc.*, No. 19 C 7810, 2020 WL 11772610, at *2 (N.D. Ill. June 22,

2020) (quoting *Heastie v. Roberts*, 226 Ill. 2d 515 (2007) ("[T]he res ipsa loquitur doctrine is a species of circumstantial evidence.").

Because *res ipsa loquitur* does not qualify as a separate cause of action, but is merely an evidentiary theory that may be used to prove negligence or strict liability, Count II will be dismissed. However, Plaintiff can rely upon this theory later in the litigation. *See In re Chicago Flood Litig.*, No. 93 C 1214, 1993 WL 278553, at *15 (N.D. Ill. July 20, 1993) (explaining that the question whether to dismiss a separately pleaded *res ipsa loquitur* count is "largely academic" because, even were the count dismissed, "plaintiffs would still be entitled to pursue their *res ipsa loquitur* theory under their negligence counts").

For these reasons, Defendant's Partial Motion to Dismiss (Doc. 16) is **GRANTED**. Count II of Plaintiff's Amended Complaint (Doc. 1-1, pp. 7-8) is **DISMISSED, without prejudice** to Plaintiff attempting to use *res ipsa loquitur* to prove his negligence claim.

**SO ORDERED.**

Dated: May 4, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge